# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 8067 | DATE | APRIL 11, 2003 |
| CASE TITLE | WOODCOCK BROTHERS TRANSPORTATION GROUP, etc. v. TRANSPORT RESOURCE, INC., etc. and GUNITE CORP., etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's Rule 60(b) motion to modify the dismissal order [9-1] is denied. Plaintiff's motion to enforce settlement agreement against Gunite Corporation [5-1] is denied without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 14 2003 date docketed | 15 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4/11/2003 date mailed notice | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WOODCOCK BROTHERS TRANSPORTATION )
GROUP, a Canadian corporation, )
)
Plaintiff, )
)
v. ) No. 01 C 8067
)
TRANSPORT RESOURCE, INC., an )
Illinois corporation, and )
GUNITE CORP., a Delaware )
corporation, )
)
Defendants. )

**DOCKETED**
APR 1 4 2003

## MEMORANDUM OPINION AND ORDER

Presently before the court are motions concerning enforcement of a settlement agreement between plaintiff Woodcock Brothers Transportation Group and defendant Gunite Corp. Plaintiff Woodcock is a trucking service and a Canadian citizen. Defendant Gunite is a manufacturer incorporated in Delaware and with its principal place of business in Illinois. Through brokers, Gunite arranges for truck transportation of its manufactured goods. Also named as a defendant was Transport Resource, Inc., a trucking broker and Illinois citizen. On October 19, 2001, plaintiff brought this suit against defendants alleging that defendants had not paid outstanding invoices for

trucking services.  Jurisdiction was based on diversity.

Plaintiff quickly reached separate settlement agreements with each defendant.  The settlement agreement with Gunite states that it was executed on December 12, 2001.  On January 9, 2002, an order dismissing the case was issued and the order was entered on the docket on January 11, 2002.  The minute order states in its entirety: "This case is dismissed with prejudice.  This court retains jurisdiction to enforce the written settlement agreements."  Attached to the minute order is a draft order submitted by plaintiff and signed by the court.  It reads: "This matter coming to be heard, and on plaintiff's motion to dismiss this action with prejudice, the parties having entered into a settlement agreement, and the Court being fully advised in the premises:  IT IS HEREBY ORDERED this case is dismissed with prejudice.  This court retains jurisdiction to enforce written settlement agreements."  Although not on the standard Rule 58 form (AO 450), the draft order satisfies the separate document requirement of Fed. R. Civ. P. 58 and constitutes entry of a judgment.  See Grun v. Pneumo Abex Corp., 163 F.3d 411, 422 n.8 (7th Cir. 1998), cert. denied, 526 U.S. 1087 (1999); Dinunzio v. Apfel, 101 F. Supp. 2d 1028, 1031 (N.D. Ill. 2000).  The settlement agreements themselves were not made part of the record nor were the specific terms of the settlement agreements incorporated in the order entered by the court.

In addition to requiring Gunite to pay certain amounts based on the overdue bills, the settlement between Woodcock and Gunite provides in ¶ 3:

> . . . defendant Gunite is responsible for designating "Woodcock Brothers Transportation Group" as the preferred carrier for freight coming to Canada up to a gross sale number of $1,500,000 effective upon the execution of this agreement and release. Gunite will designate Woodcock as the preferred carrier through its business partner Computrex Logistics ("Computrex") based in Louisville, KY. Computrex will hire Woodcock and make required payments pursuant to Gunite's instructions and supervision. Rates currently submitted will be in effect until December 31, 2002; subsequently rates will be annually renegotiated. The preferred status is nullified when the Woodcock rate is not competitive. Payment must be received within 50 day terms. Thereafter interest will accrue at two (2) percent per month on accounts.

It is undisputed that Gunite made the specific payments required by the settlement agreement and that, in accordance with ¶ 3, Woodcock was designated as the preferred carrier. On August 9, 2002, Gunite informed plaintiff that Gunite should thereafter be billed directly, not Computrex. On August 13, Computrex filed for Chapter 7 bankruptcy. Allegedly, $112,131.55 of invoices remained outstanding at the time. Gunite declined to pay these invoices, contending payment must be sought from Computrex in the bankruptcy proceeding. Plaintiff contends Gunite is liable for the outstanding invoices as Computrex's principal. Gunite contends the court lacks jurisdiction to

enforce the settlement agreement. Alternatively, Gunite contends it is not Computrex's principal and that plaintiff must instead seek to collect the outstanding invoices in the bankruptcy proceedings. Gunite's response does not deny the amount of outstanding invoices, nor does it expressly admit the $112,131.55 figure is accurate. To avoid one possible jurisdictional problem, pursuant to Fed. R. Civ. P. 60(b), plaintiff has also moved to amend the judgment to provide that the dismissal was without prejudice, instead of with prejudice.

Two possible jurisdictional problems exist with moving in this case to collect post-settlement outstanding invoices. First, there is a question of whether the power to enforce the settlement agreement was effectively retained. Gunite contends that, by dismissing the case with prejudice, the stated retention of jurisdiction was without effect. Second, there is a question as to whether plaintiff's present allegations constitute enforcement of the settlement agreement.

The law is clear that a federal district court does not automatically have jurisdiction to enforce an agreement settling litigation that was before the court. If the case is dismissed with prejudice without incorporating the terms of the settlement into the judgment and without expressly retaining jurisdiction to enforce the judgment, the court does not have inherent jurisdiction to enforce the settlement agreement.

Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375 (1994). In dictum in Kokkonen, the Supreme Court expressly stated that the result would have been different if, in dismissing that case, the district court's order had included a statement that it was retaining jurisdiction over the settlement agreement. See id. at 381-82. There is no indication in this discussion that the district court would have also had to change the dismissal to one without prejudice.

In Lynch, Inc. v. SamataMason, Inc., 279 F.3d 487 (7th Cir. 2002), a settlement conference was held before the magistrate judge. The parties reached an agreement, but thereafter were in a dispute as to the precise terms of the agreement. The parties consented to having their case assigned to the magistrate judge. The magistrate judge then made a finding as to which party's version was correct and ordered the other party (the plaintiff) to execute an agreement containing that term. Plaintiff refused and the magistrate judge ordered the litigation dismissed with prejudice, but also stated that it was retaining jurisdiction to enforce the settlement agreement. See id. at 489. Plaintiff then appealed the dismissal of the case, contending the case had not been settled on the terms found by the court. Neither party was attempting to enforce the settlement agreement. The issue before the court of appeals was whether a valid and enforceable settlement existed that could be the basis for dismissing the case

with prejudice, not whether such an agreement could be enforced if a subsequent dispute arose. Id. at 490 ("If the magistrate judge's recollection of the November 23 settlement conference is correct, the case has indeed been settled and was properly dismissed."). The Seventh Circuit affirmed the dismissal, rejecting the contention that plaintiff was entitled to an evidentiary hearing to determine the accuracy of the magistrate judge's recollection that the parties had reached an agreement. See id. at 490-92. In dictum, Judge Posner, writing for the court, noted that the stated retention of jurisdiction was without effect.

> Having dismissed the entire litigation, the court had no jurisdiction to do anything further, and so if SamataMason wanted to enforce the settlement agreement and Lynch balked, SamataMason would have to sue Lynch under the law of contracts. A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has not been dismissed with prejudice), is enforced just like any other contract.

Id. at 489. Since not essential to the court's holding as to whether an enforceable agreement existed, this statement is nonbinding dictum.

In Jessup v. Luther, 277 F.3d 926 (7th Cir. 2002), the issue before court was whether a newspaper publisher should be entitled to access to a settlement agreement that had been filed

under seal in the case. See id. at 927. The Seventh Circuit held that the settlement agreement should be made available to the newspaper publisher because, since it was filed as a judicial record, a presumption existed that it should be available to the public and the parties failed to provide any sufficient reason for keeping it sealed from the public. Id. at 930. In setting forth the underlying situation, Judge Posner, writing for the court, questioned why the settlement agreement had even been made part of the court record since the district court had not retained jurisdiction to enforce the settlement. "[O]nce a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind the dismissal."[1] Id. at 929. This is dictum because the effect of the filing of the settlement agreement did not matter, only the fact that it was made part of the court record. Id. at 929-30 ("No matter; the fact remains that the district court files now contain a

---

[1]This may just be a statement that having already dismissed the case with prejudice and without retaining jurisdiction, the court could not thereafter enter an order retaining jurisdiction to enforce the settlement agreement. However, the court also states: "What is unusual about this case is that even though the settlement agreement does not contemplate the retention by the district court of jurisdiction to enforce any terms--for remember that upon 'accepting' the agreement the judge dismissed the suit with prejudice--the agreement was submitted to and approved by the judge and a copy deposited in the files of the court and then ordered sealed." Jessup, 277 F.3d at 929. Since dictum, it is unnecessary to determine the exact meaning of the passage from Jessup that is quoted in the text.

document that reflects input by a federal judge, and so the document is presumptively a public document.").

In nonbinding dictum, the Seventh Circuit has indicated that the stated retention of jurisdiction that occurred in the present case was without effect because the case was dismissed with prejudice. However, as is discussed above, dictum in the Supreme Court's Kokkonen opinion indicates that the stated retention of jurisdiction was sufficient. One district court case in this circuit has followed the Lynch dictum. See Kozlowski v. Fry, 2002 WL 31369508 *3-4 (N.D. Ill. Oct. 21, 2002). Other circuits have held that jurisdiction to enforce a settlement agreement can be retained even when the case has been dismissed with prejudice and without expressly incorporating the terms of the settlement in the court's order. See American Disability Association v. Chmielarz, 289 F.3d 1315, 1320-21 (11th Cir. 2002); Gilbert v. Monsanto Co., 216 F.3d 695, 698-700 (8th Cir. 2000); Columbus-America Discovery Group v. Atlantic Mutual Insurance Co., 203 F.3d 291, 299 (4th Cir.), cert. denied, 531 U.S. 918 (2000).

After defendant made the Lynch jurisdictional argument in its response, plaintiff attempted to avoid the possible problem by moving to modify the dismissal order. This motion was not brought until more than one year after the order and judgment were entered. All Fed. R. Civ. P. 60(b) motions must be brought

within a reasonable time. Motions under Rule 60(b)(1) also have an outside limit of one year. Rule 60(b)(6) motions must be brought within a reasonable time, but there is no absolute cutoff of one year. Plaintiff characterizes its motion to modify as one pursuant to Rule 60(b)(6). However, Rule 60(b)(6) and the other five subsections are mutually exclusive. If the motion is properly characterized as a Rule 60(b)(1) motion, the one-year time limit cannot be avoided by raising the same grounds under the rubric of Rule 60(b)(6). Berwick Grain Co. v. Illinois Department of Agriculture, 189 F.3d 556, 558 (7th Cir. 1999). Plaintiff moves to amend the language of the dismissal in order to avoid a possible mistaken understanding as to the legal effect of the order. Such a motion is properly characterized as a Rule 60(b)(1) motion based on mistake. Cf. Buggs v. Elgin, Joliet & Eastern Ry. Co., 852 F.2d 318, 322 (7th Cir. 1988). As such, it is untimely. But even if plaintiff's motion to modify could be considered under Rule 60(b)(6), it would not be granted. Rule 60(b)(6) is not available to avoid a failure to enter an order that properly retains jurisdiction to enforce a settlement. See Neuberg v. Michael Reese Hospital Foundation, 123 F.3d 951, 955-56 (7th Cir. 1997). Plaintiff does not present any special

circumstance that would justify modifying the order more than a year after it was entered.[2]

For another reason, however, it is unnecessary to determine whether the order that was entered effectively retained jurisdiction to enforce the settlement agreement. Even assuming the court has such jurisdiction, plaintiff is not actually seeking enforcement of the settlement agreement. It is undisputed that Gunite complied with its obligation to make specified payments and designate plaintiff as a preferred carrier. The issue presently raised by plaintiff is whether Gunite should be responsible for liabilities incurred by Computrex because Gunite is Computrex's principal. The relationship between Gunite and Computrex is a fact independent of the settlement contract. It is true that the settlement agreement refers to Computrex acting pursuant to Gunite's instructions and supervision. However, Computrex was not a party

---

[2]Plaintiff contends it should be considered that it can, in any event, bring a new diversity action which would be reassigned to the same judge under this court's Local Rules. Plaintiff contends it is trying to avoid the added expense of drafting a new complaint. Both these contentions lack merit. It is true that plaintiff apparently would meet the requirements for filing a new diversity action, but it would not be a refiling of a case previously dismissed under Loc. R. 40.3(b)(2). The subject matter of the new case would not be the same as the subject matter of the prior case. As to economies, it would not have been any more expensive to have drafted a new complaint than to have drafted the allegations contained in the motion to enforce the settlement agreement, especially considering that plaintiff thereafter filed three additional briefs as well.

to the settlement agreement and thus no principal-agent relationship was created by the settlement agreement itself. While the facts underlying the settlement agreement may be evidence that such a relationship exists, whether there actually was a principal-agent relationship is a fact independent of the contract. Plaintiff's present contentions would constitute a new claim, not enforcement of the settlement agreement. Even if this court retained jurisdiction to enforce the settlement agreement, it does not thereby have jurisdiction over tangentially related disputes that may arise between the parties.

For the foregoing reasons, the motion to enforce the settlement agreement will be denied without prejudice to bringing a new action encompassing the allegations contained therein.

IT IS THEREFORE ORDERED that plaintiff's Rule 60(b) motion to modify the dismissal order [9-1] is denied. Plaintiff's motion to enforce settlement agreement against Gunite Corporation [5-1] is denied without prejudice.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: APRIL 11, 2003